UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN EDWARD MCGLAUN,
    Petitioner,

vs.                                           Case No.: 5:24cv45/TKW/ZCB

RICKY D. DIXON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, John Edward McGlaun, has filed a second amended habeas corpus petition under 28 U.S.C. § 2254. (Doc. 12). Respondent has moved to dismiss, arguing that the Court lacks subject matter jurisdiction. (Doc. 16). Petitioner has not responded to the motion, despite being invited to do so. (Doc. 17). For the reasons below, Respondent's motion to dismiss should be granted and this case dismissed for lack of jurisdiction.

### I.    Background

Petitioner was charged in Holmes County Circuit Court Case No. 2020-CF-360 with possession of marijuana with intent to sell (Count 1), possession of ammunition by a convicted felon (Count 2), and possession of drug paraphernalia (Count 3). (Doc. 12 at 1; Doc. 16-2). He was also

1

charged in Holmes County Case No. 2020-CF-347 with sale of marijuana. (*Id.*). At the prosecutor's request, the court consolidated Case No. 2020-CF-347 into Case No. 2020-CF-360 and subsumed all charges into Count 3 of that case, misdemeanor possession of drug paraphernalia. (Doc. 16 at 2; Doc. 16-3); Fla. Stat. § 893.147(1) (defining the offense of possess of drug paraphernalia as a first degree misdemeanor). Represented by counsel, Petitioner pleaded no contest to the misdemeanor on January 19, 2022. (Doc. 12 at 2, 13; Doc. 16-2; Doc. 16-4). That same day, the state court adjudicated him guilty and sentenced him to time served. (Doc. 12 at 1; Doc. 16-4). Petitioner did not directly appeal.[1] He also did

---

[1] Prior to disposition of the charges in the trial court, Petitioner initiated two cases in the Florida First District Court of Appeal (First DCA), Nos. 1D20-3494 and 1D21-0811. (Doc. 12 at 2). The First DCA dismissed both cases. *McGlaun v. State*, No. 1D20-3494, 322 So. 3d 1118 (Fla. 1st DCA July 29, 2021 (dismissed pursuant to state procedural rule); *McGlaun v. State*, No. 1D21-0811, 324 So. 3d 42 (Fla. 1st DCA July 15, 2021) (dismissed for lack of jurisdiction). After his conviction, he petitioned for belated appeal, No. 1D23-3263. (Doc. 12 at 5). According to the First DCA's online public docket, of which the Court takes judicial notice, the appellate court dismissed the petition. *See* https://acis.flcourts.gov/portal/home, select "Search," then select "Case Search," for search criteria select "1st District Court of Appeal" for "Court" criterion and enter "2023-3263" for "Case Number" criterion; Fed. R. Evid. 201(b)(2) (permitting a court to judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F. 3d 649 (11th Cir.

not pursue postconviction remedies through a Rule 3.850 motion in the trial court. (Doc. 16-2).

Petitioner was subsequently charged in yet another Holmes County case, No. 2022-CF-274, with traveling to meet a minor to engage in an unlawful act after using a computer to lure the minor. (Doc. 16-1). Petitioner entered a counseled no contest plea to that charge and was sentenced on December 20, 2023 to fifteen years' imprisonment followed by fifteen years' probation. (*Id.*).

While serving the imprisonment portion of that sentence, Petitioner filed this federal habeas case challenging the misdemeanor conviction in the consolidated cases, 2020-CF-360 and 2020-CF-347. (Doc. 1). Petitioner challenges his misdemeanor conviction on four grounds: (1) he was prosecuted under an information bearing the name of a district attorney who left office by the time Petitioner was adjudicated guilty and sentenced; (2) the search warrant was invalid because it did not bear a court seal or electronic filing numbers; (3) the arrest warrant was invalid

---

2020) (holding that district court properly took judicial notice of facts taken from petitioner's state court dockets where petitioner had opportunity to object to report and recommendation in which magistrate judge took judicial notice).

because it did not bear a court seal, and (4) the trial court erred by deny his motion to suppress because he was not provided a copy of the affidavit for search warrant. (Doc. 12 at 5-10).

Respondent has moved to dismiss, arguing the Court lacks subject matter jurisdiction because Petitioner was not "in custody" pursuant to the conviction under attack (the misdemeanor conviction) when he filed his habeas petition. (Doc. 16). As noted above, Petitioner has not provided any argument in opposition despite being offered the chance to file such opposition.

## II.   Discussion

Federal district courts entertain petitions for habeas relief filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also id.* § 2241(c)(3) (authorizing federal courts to grant habeas relief to a petitioner who is in custody illegally). A federal habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (cleaned up). The "in custody" requirement is jurisdictional. *Diaz v. State of Fla.*

*Fourth Jud. Cir. ex rel. Duval Cnty.*, 684 F.3d 1261, 1263 (11th Cir. 2012); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001).

Here, it is undisputed that Petitioner was not currently serving the expired time-served sentence on the misdemeanor conviction at the time he filed this federal habeas action challenging that conviction. But there is still a question that must be answered: Does Petitioner qualify under either of the two circumstances under which a petitioner may meet the "in custody" requirement even though the sentence he is attacking has fully expired? The answer to that question is no. Here are the reasons why.[2]

One circumstance under which Petitioner could satisfy the "in custody" requirement is if his expired misdemeanor sentence was one of multiple sentences imposed consecutively, and he is currently serving one of those consecutive sentences. *Garlotte v. Fordice*, 515 U.S. 39, 41 (1995). That circumstance is not present here because Petitioner's current thirty-year split sentence (fifteen years in prison followed by fifteen years of probation) was not imposed consecutively to his time-served sentence in the misdemeanor case. (Doc. 16-1; Doc. 16-4).

---

[2] Respondent did not address that question in its motion to dismiss.

The second circumstance under which Petitioner could satisfy the "in custody" requirement is if his § 2254 petition could be construed as challenging his current sentence, and the current sentence was enhanced by the prior misdemeanor conviction. *Cook*, 490 U.S. at 492-94; *see also Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001). That circumstance also is not present here, because Petitioner does not argue that his current sentence was enhanced by the prior misdemeanor conviction.[3]

---

[3] The state court docket for Petitioner's current sentence indicates that his sentence was enhanced under Florida's Habitual Felony Offender (HFO) statute. *See* https://holmesclerk.com, select "Search Court Records," select "Case Search," for search criteria enter "2022" for "Year" criterion and "Felony (CF)" for "Court Type" criterion and enter "274" for "Sequence" criterion. The docket shows that the prosecutor filed a notice of intent to seek an HFO enhancement. (State court Doc. #89). The trial court held a hearing on whether Petitioner qualified for the HFO enhancement, as required by Florida Statute § 775.084(3)(a). (State court Doc. #130). The court imposed a total sentence of thirty years for the second degree felony (fifteen years' imprisonment followed by fifteen years' probation). (Doc. 16-1). That was the maximum sentence authorized by the HFO statute for a second degree felony. Fla. Stat. § 775.084(4)(b)2. Without the HFO enhancement, the court could not have imposed a sentence of more than fifteen years. Fla. Stat. § 775.082(3)(d). Even though Petitioner's sentence was enhanced, it was not enhanced by his prior misdemeanor conviction because a misdemeanor conviction may not be used as a predicate offense for the Habitual Felony Offender enhancement. Fla. Stat. § 775.084(1)(a) (setting out the criteria for the HFO enhancement, including the defendant's previous conviction of two or more felonies); *Byrd v. State*,

6

At the time Petitioner filed his § 2254 petition, he was not "in custody under the conviction or sentence under attack," i.e., the prior misdemeanor conviction for possession of paraphernalia. 28 U.S.C. § 2254(a). He is not suffering any present restraint from that conviction. *See Cook*, 490 U.S. at 492 (explaining that the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no present restraint from the conviction being challenged). And a grant of habeas relief on the misdemeanor conviction would do nothing to alter Petitioner's present term of incarceration. For these reasons, the habeas petition must be dismissed for lack of jurisdiction based on Petitioner's failure to satisfy the "in custody" requirement. *Reilly v. Sec'y, Fla. Dep't of Corr.*, No. 21-11565, 2024 WL 418794 (11th Cir. Feb. 5, 2024) (holding that petitioner was not "in custody" on a 2009 judgment when he filed a § 2254 petition challenging that judgment because he had served the imprisonment portion of that judgment when he filed the habeas

---

182 So. 3d 889, 889 (Fla. 1st DCA 2016) (holding that an HFO enhancement was illegal if one of the two predicate offenses was actually a misdemeanor); *Randall v. State*, 613 So. 2d 93, 94 (Fla. 1st DCA 1993) (same, where two of the three predicate offenses were misdemeanors, including possession of paraphernalia).

petition); *Boone v. Warden, Att'y Gen.*, 800 F. App'x 739, 741 (11th Cir. 2020) (holding that even though petitioner was incarcerated at the time he filed his § 2254 petition, he was not "in custody" pursuant the judgment he sought to challenge because his sentence effectively expired on the date it was imposed due to the application of time credit, and petitioner did not argue that his convictions on the expired sentence were used to enhance the sentence he was currently serving); *Kroft v. Walton C.I. Warden*, 727 F. App'x 649, 649-50 (11th Cir. 2018) (same); *Eato v. Sec'y, Fla. Dep't of Corr.*, 713 F. App'x 860, 862 & n.3 (11th Cir. 2017) (same).

### III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's motion to dismiss (Doc. 16) be **GRANTED**.

2. The second amended habeas petition (Doc. 12) be **DISMISSED** without prejudice for lack of jurisdiction.[4]

---

[4] A certificate of appealability is not necessary to appeal the dismissal of a habeas petition for lack of subject matter jurisdiction. *Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1302 (11th Cir. 2024) (explaining that a COA is not necessary to appeal the dismissal of a successive petition for lack of subject matter jurisdiction); *see also Stacy v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402-03 (11th Cir. 1988) (considering the jurisdictional issue of whether petitioner was "in custody" even

At Pensacola, Florida, this 21st day of October 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

though it was not raised in the district court); *Eato*, 713 F. App'x at 862 n.4 (reviewing dismissal for failure to satisfy the "in custody" requirement without a COA). *But see Boone*, 800 F. App'x at 740 (reviewing dismissal for failure to satisfy the "in custody" requirement after granting a COA); *Sweet v. McNeil*, 345 F App'x 480, 481 (11th Cir. 2009) (same).